UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET L. GAUTHIER,<br><br>        Plaintiff,<br><br>    v.<br><br>RESIDENTIAL MORTGAGE SERVICES, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-14-5045 EMC<br><br>**ORDER DENYING (1) PLAINTIFF'S MOTION TO REMAND AND (2) PLAINTIFF'S MOTIONS FOR *IN CAMERA* HEARING; AND ORDER TO SHOW CAUSE**<br><br>**(Docket Nos. 19, 28, 37)** |

Currently pending before the Court is Plaintiff Margaret L. Gauthier's motion to remand. Having considered the briefs filed, the Court hereby deems the matter suitable for disposition on the papers. The motion to remand is **DENIED**.

In addition, Ms. Gauthier's motions for an in camera hearing are **DENIED**.

Finally, as addressed below, the Court orders Ms. Gauthier to show cause as to why her claims against Defendants Seterus, Inc.; Federal National Mortgage Association ("Fannie Mae"); Sunset Mortgage, Inc.; and Mortgage Electronic Registration Systems, Inc. ("MERS") should not be dismissed with prejudice, based on her failure to file opposition briefs to their motions to dismiss.

## I. DISCUSSION

Ms. Gauthier initiated this lawsuit in state court. On November 14, 2014, Seterus and Fannie Mae removed the action to federal court. Subsequently, Seterus and Fannie Mae moved to dismiss, as did Sunset Mortgage and MERS, while Ms. Gauthier filed a motion to remand.

In her motion, Ms. Gauthier argues that the action should be remanded to state court for the

following reasons: (1) Seterus and Fannie Mae failed to file, with their notice of removal, a complete copy of the complaint she filed in state court; (2) Seterus and Fannie Mae failed to establish diversity jurisdiction in their notice of removal; (3) Seterus and Fannie Mae failed to obtain the consent of all other Defendants prior to removal; and (4) Seterus and Fannie Mae's removal was untimely. None of these arguments has merit.

A.   Complete Copy of Complaint

In her first argument, Ms. Gauthier contends that Seterus and Fannie Mae filed in federal court only 63 out of 669 pages of her state court complaint.[1] Seterus and Fannie Mae do not dispute that they filed only 63 pages of the complaint as part of their notice of removal. However, they argue that this does not require a remand because 28 U.S.C. § 1446(a) simply provides that a removing defendant must file, along with its notice of removal, "a copy of all process, pleadings, and orders *served* upon such defendant or defendants" (emphasis added), and they were served with only 63 pages of the complaint, not 669. *See* Stoltzman Decl. ¶ 2. The Court agrees with Seterus and Fannie Mae that § 1446(a) merely requires a removing defendant to file in federal court what has been served on it. *See Agee v. Huggins*, 888 F. Supp. 1573, 1577 (N.D. Ga. 1995) ("If Defendant was not served with a document, then Section 1446 does not require Defendant to file it as part of his removal petition."). And here, Ms. Gauthier has not provided any evidence to contest Seterus and Fannie Mae's evidence that they were served with only 63 pages of the complaint.

Moreover, even if Seterus and Fannie Mae had been served with a 669-page complaint and filed only 63 pages of it, that still would not necessitate a remand. The Ninth Circuit has expressly held that a removing defendant's failure to attach a copy of the plaintiff's complaint to the notice of removal is a "'de minimis procedural defect'" which is "'curable' even 'after expiration of the thirty-day removal period.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013).

---

[1] Seterus and Fannie Mae have provided uncontested evidence that the complaint that Ms. Gauthier filed in state court consisted of 444 pages, not 669. *See* Stoltzman Decl. ¶ 3 & Ex. 1 (state court docket sheet).

2

B.      Diversity Jurisdiction

In her second argument, Ms. Gauthier asserts that the Court should remand because Seterus and Fannie Mae failed to establish that there is diversity jurisdiction over the instant action. But, as reflected in the notice of removal, Seterus and Fannie Mae's basis for removal is federal question jurisdiction, not diversity jurisdiction. *See* Not. of Removal ¶ 4 (invoking 28 U.S.C. § 1331 and listing federal claims asserted by Ms. Gauthier). Accordingly, Seterus and Fannie Mae's failure to allege, *e.g.*, citizenship or amount in controversy is irrelevant. *See Lyons v. Alaska Teamsters Emplr. Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999) ("A federal court has removal jurisdiction if the plaintiff's claims are either exclusively federal or there is a separate and independent federal question.").

C.      Consent of Defendants

Ms. Gauthier argues next that Seterus and Fannie Mae's removal "is defective or inadequate for failure to get unanimous consent of each of the multiple defendants identified in the Complaint[]." Mot. at 5. As a preliminary matter, the Court notes that the general rule that "all defendants in a state action must join in the petition for removal" applies "only to defendants properly joined and served in the action" – *i.e.*, "'a party not served need not be joined' in a petition for removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *see also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of the action.") (emphasis added).

At the time of removal, Seterus and Fannie Mae had notice (from the state court docket sheet) that two other Defendants had already been or may already have been served: Residential Mortgage Services ("RMS") and Doonan, Graves & Longoria LLC ("DG&L"). *See* Stoltzman Decl., Ex. 1 (state court docket sheet). Assuming that both RMS and DG&L had been properly served, then Ms. Gauthier has a basis for arguing that, before actually removing the case, Seterus and Fannie Mae should have obtained the consent of RMS and DG&L to removal. But even if there were both proper service on RMS and DG&L and a failure by Seterus and Fannie Mae to obtain

3

1 consent pre-removal, a remand still would not be required here because the problem is capable of
2 being cured. As the Ninth Circuit has explained:

> "All defendants who have been "properly . . . served in the action" must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment.

*Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).

In the instant action, there is evidence to support consent by both RMS and DG&L. *See* Stoltzman Decl. ¶ 5 (stating that counsel for Suntrust Mortgage "had spoken to counsel for [RMS], and had obtained consent from [RMS] to remove this action"); Docket No. 24 (DG&L's opposition to motion to remand). Accordingly, any problem has been cured prior to the entry of judgment and remand is not necessary.

D. Timeliness of Removal

Finally, to the extent Ms. Gauthier argues that there should be a remand because Seterus and Fannie Mae did not timely remove, the Court does not agree. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Here, Seterus and Fannie Mae claim that the complaint – though filed on October 9, 2014 – was not actually served until October 17, 2014. *See* Not. of Removal ¶ 2. Because Ms. Gauthier has not disputed the October 17 service date, the removal – on November 14, 2014 – was timely.[2]

## II. CONCLUSION

For the foregoing reasons, the Court denies Ms. Gauthier's motion to remand.

The Court also denies Ms. Gauthier's motions for an in camera hearing. Ms. Gauthier has asked for such a hearing "to review privileged and confidential information that relates to the case, pending motions, etc." but has failed to identify what privileged and confidential information is at issue and why it has any bearing on either her motion to remand or the pending motions to dismiss

---

[2] While Ms. Gauthier challenges whether Seterus and Fannie Mae actually served her with a copy of the notice of removal on November 14 (Ms. Gauthier maintains that she did not receive a copy of the notice of removal until December 1, 2014), that is a different issue.

4

filed by Seterus, Fannie Mae, Suntrust Mortgage, and MERS.

**Finally, the Court hereby orders Ms. Gauthier to show cause as to why her claims against Seterus, Fannie Mae, Suntrust Mortgage, and MERS should not be dismissed with prejudice, based on her failure to file any opposition to their motions to dismiss. Ms. Gauthier's response to this order to show cause shall be filed by February 19, 2015. Ms. Gauthier is forewarned that, if she fails to file a response to the order to show cause by February 19, 2015, then the Court shall dismiss, with prejudice, her claims against Seterus, Fannie Mae, Suntrust Mortgage, and MERS.**

The Court temporarily **VACATES** the February 5, 2015 hearing on Seterus, Fannie Mae, Suntrust Mortgage, and MERS's motions to dismiss pending the resolution of the order to show cause.

This order disposes of Docket Nos. 19, 28 and 37.

IT IS SO ORDERED.

Dated: January 20, 2015

_____
EDWARD M. CHEN
United States District Judge

5